IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| CYNTHIA OYLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| vs. | ) | |
| | ) | FILE No. 5:19-cv-1405 |
| SHAMAT ENTERPRISES, INC., and | ) | |
| PERRON & CAMPBELL, INC., | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

COMES NOW, CYNTHIA OYLER, by and through the undersigned counsel, and files this, her Complaint against Defendants SHAMAT ENTERPRISES, INC., and PERRON & CAMPBELL, INC., pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 *et seq.* ("ADA") and the ADA's Accessibility Guidelines, 28 C.F.R. Part 36 ("ADAAG"). In support thereof, Plaintiff respectfully shows this Court as follows:

## JURISDICTION

1.      This Court has original jurisdiction over the action pursuant to 28 U.S.C. §§ 1331 and 1343 for Plaintiff's claims pursuant to 42 U.S.C. § 12181 *et seq.*, based upon Defendants' failure to remove physical barriers to access and violations of Title III of the ADA.

## PARTIES

2.      Plaintiff CYNTHIA OYLER (hereinafter "Plaintiff") is, and has been at all times relevant to the instant matter, a natural person residing in San Antonio, Texas

1

(Bexar County).

3.      Plaintiff is disabled as defined by the ADA.

4.      Plaintiff is required to traverse in a wheelchair and is substantially limited in performing one or more major life activities, including but not limited to: walking, standing, grabbing, grasping and/or pinching.

5.      Plaintiff uses a wheelchair for mobility purposes.

6.      Plaintiff is also an independent advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights, monitoring, ensuring, and determining whether places of public accommodation are in compliance with the ADA.  Her motivation to return to a location, in part, stems from a desire to utilize ADA litigation to make Plaintiff's community more accessible for Plaintiff and others, and pledges to do whatever is necessary to create the requisite standing to confer jurisdiction upon this Court so an injunction can be issued correcting the numerous ADA violations on this Property, including returning to the Property as soon as it is accessible ("Advocacy Purposes")."

7.      Defendant PERRON & CAMPBELL, INC. (hereinafter "P&C") is the owner of a shopping plaza that transacts business in the state of Texas and within this judicial district.

8.      P&C may be properly served with process via its registered agent for service, to wit: Leo F. Perron, Jr., 3707 North St. Mary's Street, Suite 201, San Antonio, Texas 78212.

9.      Defendant SHAMAT ENTERPRISES, INC. (hereinafter "Shamat") is a for

profit corporation that transacts business in the state of Texas and within this judicial district.

10.     Shamat may be properly served with process via its registered agent for service, to wit, Riad Y. Matouk, 3914 Meeks, San Antonio, TX 78210.

## FACTUAL ALLEGATIONS

11.     On or about June 12, 2019, Plaintiff was a customer at "Paul's Pizza Roma and Pub," a business located at 5137 Fredericksburg Road, San Antonio, Texas 78229.

12.     Shamat is a lessee (or sub-lessee) of a portion of the real property and improvements that are the subject of this action.

13.     P&C is the owner or co-owner of the real property and improvements that are the subject of this action. (The contiguous structures and improvements situated upon said real property shall be referenced herein as the "Paul's Pizza," and said real property shall be referenced herein as the "Property").

14.     Plaintiff lives approximately 12 miles from the Paul's Pizza and Property and visits the area multiple times weekly to visit friends and family.

15.     Plaintiff's access to the business(es) located at 5137 Fredericksburg Road, San Antonio, Texas 78229, Bexar County Property ID number 507217, and/or full and equal enjoyment of the goods, services, foods, drinks, facilities, privileges, advantages and/or accommodations offered therein were denied and/or limited because of his disabilities, and she will be denied and/or limited in the future unless and until Defendant is compelled to remove the physical barriers to access and correct the ADA violations that exist at the Paul's Pizza and Property, including those set forth in this Complaint.

3

16.     Plaintiff has visited the Property at least once before as a customer and advocate for the disabled.  Plaintiff intends on revisiting the Property within six months or sooner, as soon as the barriers to access detailed in this Complaint are removed and the Property is accessible again.  The purpose of the revisit is to be a regular customer, to determine if and when the Property are made accessible and to maintain standing for this lawsuit for Advocacy Purposes.

17.     Plaintiff intends to revisit the Paul's Pizza and Property to purchase goods and/or services.

18.     Plaintiff travelled to the Paul's Pizza and Property as a customer and as an independent advocate for the disabled, encountered the barriers to access at the Paul's Pizza and Property that are detailed in this Complaint, engaged those barriers, suffered legal harm and legal injury, and will continue to suffer such harm and injury as a result of the illegal barriers to access present at the Paul's Pizza and Property.

## COUNT I
## VIOLATIONS OF THE ADA AND ADAAG

19.     On July 26, 1990, Congress enacted the Americans with Disabilities Act 42 U.S.C. § 12101 *et seq.*

20.     Congress found, among other things, that:

(i)     some 43,000,000 Americans have one or more physical or mental disabilities, and this number is increasing as the population as a whole is growing older;

(ii)    historically, society has tended to isolate and segregate individuals with disabilities, and, despite some improvements, such forms of discrimination against individuals with disabilities continue to be a serious and pervasive social problem;

(iii)   discrimination against individuals with disabilities persists in such critical areas as employment, housing public accommodations, education, transportation, communication, recreation, institutionalization, health services, voting, and access to public services;

(iv)   individuals with disabilities continually encounter various forms of discrimination, including outright intentional exclusion, the discriminatory effects of architectural, transportation, and communication barriers, overprotective rules and policies, failure to make modifications to existing facilities and practices, exclusionary qualification standards and criteria, segregation, and relegation to lesser service, programs, activities, benefits, jobs, or other opportunities; and

(v)   the continuing existence of unfair and unnecessary discrimination and prejudice denies people with disabilities the opportunity to compete on an equal basis and to pursue those opportunities for which our free society is justifiably famous, and costs the United States billions of dollars in unnecessary expenses resulting from dependency and non-productivity.

42 U.S.C. § 12101(a)(1) - (3), (5) and (9).

21.   Congress explicitly stated that the purpose of the ADA was to:

(i)   provide a clear and comprehensive national mandate for the elimination of discrimination against individuals with disabilities;

(ii)   provide a clear, strong, consistent, enforceable standards addressing discrimination against individuals with disabilities; and

        * * * * *

(iv)   invoke the sweep of congressional authority, including the power to enforce the fourteenth amendment and to regulate commerce, in order to address the major areas of discrimination faced day-to-day by people with disabilities.

42 U.S.C. § 12101(b)(1)(2) and (4).

22.    The congressional legislation provided places of public accommodation

one and a half years from the enactment of the ADA to implement its requirements.

23.   The effective date of Title III of the ADA was January 26, 1992 (or January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181; 28 C.F.R. § 36.508(a).

24.   The Paul's Pizza is a public accommodation and service establishment.

25.   The Property is a public accommodation and service establishment.

26.   Pursuant to the mandates of 42 U.S.C. § 12134(a), on July 26, 1991, the Department of Justice and Office of Attorney General promulgated federal regulations to implement the requirements of the ADA. 28 C.F.R. Part 36.

27.   Public accommodations were required to conform to these regulations by January 26, 1992 (or by January 26, 1993 if a defendant has 10 or fewer employees and gross receipts of $500,000 or less). 42 U.S.C. § 12181 *et seq.*; 28 C.F.R. § 36.508(a).

28.   The Paul's Pizza must be, but is not, in compliance with the ADA and ADAAG.

29.   The Property must be, but is not, in compliance with the ADA and ADAAG.

30.    Plaintiff has attempted to, and has to the extent possible, accessed the Paul's Pizza and the Property in her capacity as a customer of the Paul's Pizza and Property and as an independent advocate for the disabled, but could not fully do so because of his disabilities resulting from the physical barriers to access, dangerous conditions and ADA violations that exist at the Paul's Pizza and Property that preclude and/or limit her access to the Paul's Pizza and Property and/or the goods, services,

6

facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

31.     Plaintiff intends to visit the Paul's Pizza and Property again in the very near future as a customer in order to utilize all of the goods, services, facilities, privileges, advantages and/or accommodations commonly offered at the Paul's Pizza and Property and as an independent advocate for the disabled, but will be unable to fully do so because of her disability and the physical barriers to access, dangerous conditions and ADA violations that exist at the Paul's Pizza and Property that preclude and/or limit her access to the Paul's Pizza and Property and/or the goods, services, facilities, privileges, advantages and/or accommodations offered therein, including those barriers, conditions and ADA violations more specifically set forth in this Complaint.

32.     Defendants have discriminated against Plaintiff (and others with disabilities) by denying his access to, and full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations of the Paul's Pizza and Property, as prohibited by, and by failing to remove architectural barriers as required by, 42 U.S.C. § 12182(b)(2)(A)(iv).

33.     Defendants will continue to discriminate against Plaintiff and others with disabilities unless and until Defendants are compelled to remove all physical barriers that exist at the Paul's Pizza and Property, including those specifically set forth herein, and make the Paul's Pizza and Property accessible to and usable by Plaintiff and other persons with disabilities.

34.     A specific list of unlawful physical barriers, dangerous conditions and

ADA violations which Plaintiff experienced and/or observed that precluded and/or limited Plaintiff's access to the Paul's Pizza and Property and the full and equal enjoyment of the goods, services, facilities, privileges, advantages and accommodations of the Paul's Pizza and Property include, but are not limited to:

**(a)     ACCESSIBLE ELEMENTS:**

(i)  Near Unit 5115, due to a significant indentation in the surface of the accessible parking space, the accessible parking space has a surface slope in excess of 1:48 in violation of section 502.4 of the 2010 ADAAG standards and is not level. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ii) Near Unit 5115, the ground surfaces in the accessible parking space have indentations which promote puddling, which represents a slipping hazard and is in violation of Section 302.1 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(iii)   Near Unit 5115, the accessible ramp servicing the Property lacks finished edges or edge protection on both sides of the ramp and/or is otherwise in violation of section 405.9 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(iv)   Due to policy of putting signs up on cones that reserve parking spaces for specific units, the exterior accessible route clear width decreases to less than

thirty-six inches in violation of section 403.5.1 of the 2010 ADAAG Standards. This violation made it difficult for Plaintiff to access the units of the Property.

(v) Due to policy of putting signs up on cones that reserve parking spaces for specific units thus significantly restricting the clear width of the exterior accessible route, the Property lacks an accessible route from accessible parking spaces to the accessible entrance of the Property in violation of section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vi)   The accessible entrance to Unit 5119 has improper hardware in violation of section 309.4 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(vii)   Near Unit 5133, the accessible ramp servicing the Property lacks finished edges or edge protection and/or is otherwise in violation of section 405.9 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(viii)  Near Paul's Pizza, the access aisle to the accessible parking space is not level due to the presence of an accessible ramp in the access aisle in violation of section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(ix)   Near Paul's Pizza, the accessible parking space is not level due to the presence of accessible ramp side flares in the accessible parking space in

violation of section 502.4 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to exit and enter their vehicle while parked at the Property.

(x) Near Paul's Pizza, the Property has an accessible ramp leading from the accessible parking space to the accessible entrances with a slope exceeding 1:12 in violation of section 405.2 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the units of the Property.

(xi)    The Property lacks an accessible route from the sidewalk to the accessible entrance in violation of section 206.2.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to access the units of the Property.

(xii)   The total number of accessible parking spaces is inadequate and is in violation of section 208.2 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to locate an accessible parking space.

(xiii)  There is a doorway threshold at Paul's Pizza with a vertical rise in excess of ½ (one half) inch and does not contain a bevel with a maximum slope of 1:2 in violation of section 404.2.5 of the 2010 ADAAG standards. This violation made it dangerous and difficult for Plaintiff to access the interior of the Property.

(xiv)   In Paul's Pizza, the inner door to the accessible entrance lacks a clear minimum maneuvering clearance due to the improperly close proximity of the door hardware to the nearby potted plant in violation of section 404.2.4 of the

2010 ADAAG standards. This barrier to access is the result of a policy decision to place a potted plant at this location. This violation made it difficult and dangerous for Plaintiff to access the interior of the Property.

(xv)    In Paul's Pizza, the interior has walking surfaces lacking a 36 (thirty-six) inch clear width, due to a policy of placing items (parking cones and shelve) in the accessible route, in violation of section 403.5.1 of the 2010 ADAAG standards. This violation made it difficult for Plaintiff to properly utilize public features at the Property.

(xvi)   In Paul's Pizza, the bar is lacking any portion of the counter that has a maximum height of 34 (thirty-four) inches from the finished floor in violation of section 902.3 of the 2010 ADAAG standards, all portions of the bar exceed 34 (thirty-four) inches in height from the finished floor. This violation made it difficult for Plaintiff to enjoy the unique eating experience at the bar.

(xvii)  In Paul's Pizza, the to-go/take-out counter lacking any portion of the counter that has a maximum height of 36 (thirty-six) inches from the finished floor in violation of section 904.4 of the 2010 ADAAG standards, all portions of the to-go/take-out counter exceed 36 (thirty-six) inches in height from the finished floor. This violation made it difficult for Plaintiff to properly transact business at the Property.

(xviii) Defendants fail to adhere to a policy, practice and procedure to ensure that all facilities are readily accessible to and usable by disabled individuals.

**(b)     PAUL'S PIZZA RESTROOMS:**

(i) The restroom lacks signage in compliance with sections 216.8 and 703 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to locate accessible restroom facilities.

(ii) The restrooms lack proper door hardware in violation of section 404.2.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to utilize the restroom facilities.

(iii) The door to the restrooms has a maximum clear width below 32 (thirty-two) inches in violation of section 404.2.3 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(iv) Restrooms have a pedestal sink with inadequate knee and toe clearance in violation of section 306 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(v) Hand drying devices in the restrooms are located outside the prescribed vertical reach ranges set forth in section 308.2.1 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(vi) The mirror in the bathrooms exceeds the maximum height permitted by Section 603.3 of the 2010 ADAAG standards. This violation made it difficult for the Plaintiff and/or any disabled individual to properly utilize public features of the restroom.

(vii)   The height of the toilet seat is below the minimum height of 17 (seventeen) inches in violation of 604.4 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(viii)   The restrooms have grab bars adjacent to the commode which are not in compliance with section 604.5 of the 2010 ADAAG standards as the rear bar is missing and the side bar is too short and is not positioned properly. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(ix)   The toilet paper dispenser in the accessible toilet is not positioned properly and violates section 604.7 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

(x) The hand operated flush control is not located on the open side of the accessible toilet in violation of section 604.6 of the 2010 ADAAG standards. This made it difficult for Plaintiff and/or any disabled individual to safely utilize the restroom facilities.

35.   The violations enumerated above may not be a complete list of the barriers, conditions or violations encountered by Plaintiff and/or which exist at the Paul's Pizza and Property.

36.   Plaintiff requires an inspection of Paul's Pizza and Property in order to

determine all of the discriminatory conditions present at the Paul's Pizza and Property in violation of the ADA.

37.     The removal of the physical barriers, dangerous conditions and ADA violations alleged herein is readily achievable and can be accomplished and carried out without significant difficulty or expense. 42 U.S.C. § 12182(b)(2)(A)(iv); 42 U.S.C. § 12181(9); 28 C.F.R. § 36.304.

38.     All of the violations alleged herein are readily achievable to modify to bring the Paul's Pizza and Property into compliance with the ADA.

39.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Paul's Pizza and Property is readily achievable because the nature and cost of the modifications are relatively low.

40.     Upon information and good faith belief, the removal of the physical barriers and dangerous conditions present at the Paul's Pizza and Property is readily achievable because Defendants have the financial resources to make the necessary modifications.

41.     Upon information and good faith belief, the Paul's Pizza and Property have been altered since 2010.

42.     In instances where the 2010 ADAAG standards do not apply, the 1991 ADAAG standards apply, and all of the alleged violations set forth herein can be modified to comply with the 1991 ADAAG standards.

43.     Plaintiff is without adequate remedy at law, is suffering irreparable harm, and reasonably anticipates that she will continue to suffer irreparable harm unless and until Defendants are required to remove the physical barriers, dangerous conditions and

ADA violations that exist at the Paul's Pizza and Property, including those alleged herein.

44.     Plaintiff's requested relief serves the public interest.

45.     The benefit to Plaintiff and the public of the relief outweighs any resulting detriment to Defendants.

46.     Plaintiff's counsel is entitled to recover its reasonable attorney's fees and costs of litigation from Defendants pursuant to 42 U.S.C. §§ 12188 and 12205.

47.     Pursuant to 42 U.S.C. § 12188(a), this Court is provided authority to grant injunctive relief to Plaintiff, including the issuance of an Order directing Defendants to modify the Paul's Pizza and Property to the extent required by the ADA.

WHEREFORE, Plaintiff prays as follows:

(a)     That the Court find Shamat in violation of the ADA and ADAAG;

(b)     That the Court find P&C in violation of the ADA and ADAAG;

(c)     That the Court issue a permanent injunction enjoining Defendants from continuing their discriminatory practices;

(d)     That the Court issue an Order requiring Defendants to (i) remove the physical barriers to access and (ii) alter the subject Paul's Pizza to make it readily accessible to and useable by individuals with disabilities to the extent required by the ADA;

(e)     That the Court award Plaintiff her reasonable attorneys' fees, litigation expenses and costs; and

(f)     That the Court grant such further relief as deemed just and equitable in light

of the circumstances.

Dated: December 4, 2019.

Respectfully submitted,

/s/Dennis R. Kurz
Dennis R. Kurz
*Attorney-in-Charge for Plaintiff*
Texas State Bar ID No. 24068183
Kurz Law Group, LLC
1640 Powers Ferry Road, SE
Building 17, Suite 200
Marietta, GA 30067
(404) 805-2494 Phone
(770) 428-5356 Facsimile
dennis@kurzlawgroup.com